UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLEAR CHANNEL OUTDOOR INC., <br><br> Defendant. | NO. C13-399RSL <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment and Memorandum in Support," Dkt. # 20.  Plaintiff, Northwest Administrators, Inc., seeks to compel Defendant, Clear Channel Outdoor Inc., to submit to an audit by furnishing its records for all management employees.  Plaintiff also seeks to recover attorney's fees and costs related to this action.  Having considered the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## II. BACKGROUND

This case concerns a dispute regarding a pension trust fund governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended (1988).  Dkt. # 16.  The relevant, material facts are not in dispute.

Defendant employs members of a bargaining unit represented by Local 853 of the International Brotherhood of Teamsters ("Local 853") and is a party to a collective bargaining

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT- 1

agreement with Local 853 ("CBA"). Dkt. # 24 at 9. Defendant is bound by the CBA, the 2007 Employer Union Pension Certification, and the Western Conference of Teamsters Pension Trust Agreement ("Trust Agreement"). Dkt. # 21-1; Dkt. # 21-2; Dkt. # 21-3; Dkt. # 24 at 9-118. Pursuant to those agreements, Defendant has been required to report and make contributions to the Western Conference of Teamsters Pension Trust ("Trust") "for the purpose of providing retirement, death, and termination benefits" for eligible employees and their beneficiaries since at least 2007. Dkt. # 21-1 at 13; Dkt. # 24 at 35-36,105-106, 142-43, 173.[1]

The Trust is an employee benefit plan organized pursuant to section 302 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c), and sections 3, 4, and 502 of ERISA, 29 U.S.C. §§ 1002, 1003, and 1132. Plaintiff is the authorized administrative agent and assignee of the Trust. Dkt. # 21 ¶ 2. The Trust Agreement allows Plaintiff to audit Defendant's payroll records when Plaintiff deems it "necessary or desirable. . . in the proper administration of the Trust." Dkt. # 21-1 at 21; Dkt. # 21-2 at 21. Under the terms of the Trust Agreement,

> [e]ach Employer shall promptly furnish to the Trustees or their authorized representatives on demand any and all records of his past or present Employees concerning the classification of such Employees, their names, Social Security numbers, amount of wages paid and hours worked or paid for, and any other payroll records and information that the Trustees may require in connection with the administration of the Trust Fund, and for no other purpose.

Id.

In November 2012, Plaintiff requested an audit of Defendant's payroll records for all employees from March 1, 2009 through December 31, 2012. Dkt. # 24 at 195, 200. Over the

---

[1] The current CBA, which runs from June 20, 2011 through June 19, 2014 ("2011 CBA"), requires Defendant to make monthly contributions to the Trust at specified rates "for the account of each employee working under this Agreement, including part-time employees." Dkt. # 24 at 35, 47. The two previous CBAs that governed the parties' relationship from March 1, 20107 through February 28, 2010 ("2007 CBA") and March 1, 2010 through February 28, 2011 ("2010 CBA"), dkt. # 24 at 117, 154, contained nearly identical provisions governing Defendant's contributions to the Trust with the exception that they set forth different rates of contribution, id. at 35-36, 105-06, 142-43, 173.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT- 2

next few months, Defendant provided all of the payroll records request related to employees who were members of Local 853 during that time period.  See Dkt. # 24 at 197-202; Dkt. # 21 ¶ 17. However, Defendant refused to produce payroll records for management employees that it contends are not members of Local 853 and on whose behalf it has never made contributions to the Trust.  Dkt. # 21 ¶ 17; Dkt. # 24 at 197, 214.  Plaintiff filed this lawsuit in March 2013 to compel an audit of Defendant's records for all employees in management positions for the period of March 1, 2009 through December 31, 2012, regarding their classification, wage rates, Social Security numbers, wages and hours worked, and tasks performed.  Dkt. # 1 at 4.  Plaintiff also seeks to recover its attorney's fees pursuant to the Trust Agreement.  Dkt. # 16 at 5.

## III. DISCUSSION

**A. Summary Judgment**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be granted where the nonmoving

party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id.

**B. Defendant's Request for Continuance**

As a preliminary matter, Defendant requests to continue Plaintiff's summary judgment motion because "with discovery, it will demonstrate genuine issues of material fact, particularly facts that rebut the claims made by Northwest Administrators." Dkt. # 23 at 23. Defendant contends that discovery will reveal facts supporting its theories of defense and thus, "postponing a ruling on a motion for summary judgment will enable it to rebut [Plaintiff's] Motion for Summary Judgment." Id. These unspecified requests are insufficient to justify a continuance. See, e.g., Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). Although Defendant has asserted that discovery will reveal specific facts, Defendant has not submitted an affidavit showing that "for specific reasons, it cannot present facts essential to justify its position." Fed. R. Civ. P. 56(d). That failure alone justifies the Court's denial of its request. United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002) ("Failure to comply with these requirements is a proper ground for denying relief."). Even if the Court were to rely on Defendant's statements in the memorandum, those statements do not suggest that the facts sought exist or that the sought-after facts are essential to oppose summary judgment. Family Home & Fin. Ctr., Inc., 525 F.3d at 827. For example, Defendant fails to explain how facts related to Plaintiff's ability to perform an audit without access to management payroll records would defeat summary judgment. See Dkt. # 23 at 23. Thus, Defendant's request for a continuance is DENIED.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT- 4

**C. Plaintiff's Right to Audit and Access Defendant's Records**

A trust for employee health or pension benefits is a contract governed by ERISA, 29 U.S.C. § 1001, *et seq.* The language of a trust agreement defines the rights and obligations of the parties to the trust to the extent they are consistent with ERISA. 29 U.S.C. § 1145; Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp., 920 F.2d 1491, 1493-94 (9th Cir. 1990). Trustees and their representatives are required to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter or subchapter III of this chapter." 29 U.S.C. § 1104(a)(D). "ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries, and that trustees will take steps to identify all participants and beneficiaries, so that the trustees can make them aware of their status and rights under the trust's terms." Central States Pension Fund v. Central Transport, Inc., 472 U.S. 559, 571-72 (1985). To assist trustees in complying with these duties, a trust agreement may provide trustees and their representatives broad rights to audit employers' records and books. Id. at 568, 571-74; Miramar Hotel Corp., 920 F.2d at 1493-94.

Here, the Trust Agreement provides that Plaintiff may perform an audit of Defendant's payroll records when Plaintiff deems it "necessary or desirable. . . in the proper administration of the Trust." Dkt. # 21-1 at 21; Dkt. # 21-2 at 21. Plaintiff contends that it needs to review Defendant's payroll records of managers to ensure that Defendant has reported and made all requisite contributions to the Trust. Dkt. # 21 ¶¶ 17-19. These records are necessary, Plaintiff argues, to determine whether Defendant's employees have been properly classified as participants and thus, whether Defendant has made all requisite contributions to the Trust. Dkt. # 24 at 211.

Defendant objects to Plaintiff's request on the grounds that it has never made contributions to the Trust on behalf of its managers, and the records sought are not relevant to

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT- 5

the administration of the Trust because the 2007, 2010, and 2011 CBAs require Defendant to make contributions for employees based on their classifications, not based on the type of work the employees perform. Dkt. # 23 at 6-21.  With respect to Defendant's first argument, the Supreme Court's decision in Central States made clear that a review of payroll records of employees who are not plan participants may be a legitimate act of trust administration to ensure that all potential Trust participants and beneficiaries are properly identified.  472 U.S. at 572. Thus, the mere fact that Plaintiff seeks records of employees that Defendant contends are not and never have been plan participants is insufficient, absent evidence that Plaintiff's request for records is based on an illegitimate purpose.  Id. at 571 n.12.

      Despite Defendant's suggestion to the contrary, there is no evidence that Plaintiff seeks the managers' payroll records to advance "an unachieved bargaining goal" or any other improper purpose.  Dkt. # 23 at 16-17.  Rather, the record indicates that Plaintiff seeks these documents to determine whether Defendant's managers are performing work which, under the CBAs, qualifies them to participate in the Trust.  Dkt. # 24 at 197, 200.  Plaintiff's goal is to determine whether Defendant's managers have been properly classified and thus, whether Defendant has been making all requisite contributions to the Trust under the terms of the CBAs.  Id.  This, the Supreme Court has held, is a legitimate objective of an audit based on Plaintiff's duty to ensure that all participants and beneficiaries are identified and the Fund receives all contributions to which it is entitled.  Central States, 472 U.S. at 571-72.  Absent evidence that Plaintiff seeks the managers' payroll records to advance a union goal or that the request is not necessary to the proper administration of the Trust, Defendant has not shown that the Court should limit Plaintiff's right to audit these records.  Id. at 571 n.12, 23.

      As for Defendant's argument that the records are irrelevant because the CBAs require Defendant to make contributions based on the classification of the employee rather than the type of work performed by the employee, the Court disagrees.  Defendant relies on Bensi v. El

Camino Hospital, an unpublished decision by the District Court for the Northern District of California. 2012 WL 607979, at *9.  In Bensi, the trustees of a collectively bargained for pension fund sought to review a hospital's records reflecting payments made to subcontractors and vendors to determine whether the subcontractors performed bargaining unit work and therefore, whether the employer was making all of the requisite contributions to the fund pursuant to the trust documents.  Id. at *4-5.  The court granted summary judgment in favor of the hospital because the CBA required the hospital to make trust contributions on behalf of "all Engineers employed by the Hospital."  Id. at *9.  Therefore, whether subcontractors were performing bargaining unit work was irrelevant to whether the employer was making all requisite fund contributions.  Id.  The court explained that the Supreme Court's holding in Central States was not applicable to the case because the CBA in Central States required the employers to make fund contributions based on the type of work performed, not the classification of the worker; whereas, the CBA in Bensi clearly covered only Engineers employed by the hospital.  Id.

Defendant's reliance on Bensi is not persuasive.  Contrary to Defendant's contention, the CBAs in this case require Defendant to make contributions on behalf of employees who are performing particular types of work, without reference to how they are classified.  Section 2.1 of the 2011 CBA defines employees as "all employees engaged in installing, Installation Department work or engaged in Oakland and San Francisco bus shelter maintenance who are employed at the Employer's present locations in Northern California."  Dkt. # 24 at 13.[2]  The CBA does not define covered employees based on their titles or classifications.  Id.  Thus, as in Central States, the language of the 2011 CBA and the Trust documents suggest that the payroll records of employees not covered by the CBAs are relevant and necessary for Plaintiff to

---

[2] Prior CBAs refer to installation work as billposting and billroom work.  See Dkt. # 24 at 85, 123.

1  determine whether the employees have been properly identified as plan participants or non-
2  participants and therefore, whether Defendant has made all of the requisite contributions to the
3  Trust. 472 U.S. at 572. Because the Trust Agreement authorizes Plaintiff to review Defendant's
4  payroll records when it deems it "necessary or desirable. . . in the proper administration of the
5  Trust," dkt. # 21-1 at 21, and a review of payroll records of employees who are allegedly not
6  participants or beneficiaries of the Trust is necessary to determine whether plan participants have
7  been properly , the Court GRANTS Plaintiff's motion for summary judgment.

**D.  Attorney's Fees**

Plaintiff seeks an award of the attorney's fees and costs incurred in bringing this suit pursuant to the terms of the Trust Agreement, which states that

> [i]f it becomes necessary for the Trustees to retain legal counsel to compel an Employer to furnish to, or permit the examination of books or records or information by, the Trustees or their representatives, the Employer shall reimburse the Trust Fund for all reasonable attorneys' fees and court costs incurred by the Trust Fund in connection therewith, whether or not legal proceedings were instituted and whether or not such examination discloses that the Employer has failed to make appropriate or timely Employer Contributions to the Trust Fund.

Dkt. # 20 at 13.[3] Under the terms of the Trust Agreement, Plaintiff is entitled to recover the reasonable attorney's fees and costs incurred in bringing this lawsuit.

ERISA authorizes the Court to award "reasonable attorney's fees and costs to either party" in its discretion. 29 U.S.C. § 1132(g)(1). Courts consider the following factors when determining whether an award of fees is appropriate:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

---

[3] Plaintiff did not submit any evidence of the fees and costs actually in bringing this lawsuit, but has agreed to produce that information should the Court grant its motion for summary judgment. Dkt. # 20 at 13 n.2.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT- 8

Miramar Hotel, 920 F.2d at 1495 (quoting Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980)).  A court is not required to find that each factor weighs in favor of awarding attorney's fees before it may grant a motion for fees.  McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).

Defendant does not dispute the contents of the Trust Agreement, but argues that the factors identified above weigh against awarding Plaintiff attorney's fees and costs.  Dkt. # 23 at 24-25.  The Court finds, however, that even if the Trust Agreement lacked an attorney's fees provision, Plaintiff would still be entitled to an award of fees because the balance of the relevant Hummell factors tips in favor of such an award.  With respect to the first and second Hummell factors, there is no evidence that either party has acted in bad faith and nothing in the record reflects Defendant's ability to satisfy an award of fees.  The third factor is likewise not very helpful in this case because there is no reason to believe that an award of attorney's fees will deter or prevent an employer from making the same arguments in the future.

The fourth and fifth factors, however, weigh heavily in Plaintiff's favor.  Plaintiff requested the payroll records at issue to ensure that Defendant was complying with its obligations under the Trust Agreement for the benefit of all of the beneficiaries and participants.  Finally, consideration of the relative merits of the parties' arguments in light of the Supreme Court's holding in Central States suggests that an award of fees is appropriate.  As explained above, Defendant's reliance on Bensi is misplaced and its argument that the records sought were not relevant to the proper administration of the Trust because the CBAs define plan participants based on their job classifications rather than the type of work performed is not supported by the plain language of the CBAs.  The strength of Plaintiff's position compared to the position advanced by Defendant supports an award of attorney's fees and costs are appropriate in this case.

### VI.  CONCLUSION

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT- 9

Case 2:13-cv-00399-RSL   Document 28   Filed 02/18/14   Page 10 of 10

For all of the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. # 20) is GRANTED. Defendant is ordered to permit Plaintiff to inspect Defendant's individual payroll records for all employees in management positions for the period of March 1, 2009 through December 31, 2012, concerning the classification of the employees, their names, social security numbers, the amount of wages paid and hours worked and any other payroll records Plaintiff requires to complete its audit for that time period. Plaintiff shall submit a declaration itemizing the fees and costs incurred in its pursuit to compel Defendant to submit to an audit on or before March 4, 2014. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.

DATED this 18th day of February, 2014.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT- 10